# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Cliff Urban, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50301 |
| | ) | |
| Edgar Altamirano, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motion to dismiss [25] is granted in part and denied in part. Counts I, II, and IV of the amended complaint are dismissed and the City of Rockford is terminated as a defendant.

## STATEMENT

In his amended complaint, plaintiff, Cliff Urban, has brought multiple claims pursuant to 42 U.S.C. § 1983 and state law against Rockford police officers Bruno, Johnson, Hackbarth, and Gulley, arising out of plaintiff's arrest at the Rockford International Airport ("RIA") on November 27, 2013.[1] In particular, plaintiff alleges that defendants violated his due process rights by fabricating reports and charging him with a crime he did not commit (Count I); initiated and/or continued a malicious prosecution against him without probable cause in violation of state law (Count II); and falsely arrested him without probable cause in violation of the Fourth Amendment (Count III). Currently before the court is a motion by defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims against them as either time-barred or for failure to state a claim upon which relief can be granted. As explained in more detail below, the motion to dismiss is granted in part and denied in part.

### I. BACKGROUND

The following facts are taken from the allegations in plaintiff's amended complaint and are assumed to be true for purposes of this order. On November 27, 2013, plaintiff was scheduled to fly from RIA to Las Vegas to visit his mother. Plaintiff, who has been issued concealed carry permits in Indiana, Utah, and Arizona, was traveling with his pistol. Upon his arrival at the airport, plaintiff went to the baggage check area to check his luggage and declare his pistol. As part of

---

[1]Plaintiff also brought various state-law claims against defendants Edgar Altamirano, Isabel Garcia, and Worldwide Flight Services, Inc., but those defendants have since been voluntarily dismissed on plaintiff's motion. Plaintiff also named the City of Rockford as a defendant, but he failed to make any specific allegations against them. Accordingly, with no objection from plaintiff, defendant's motion to dismiss is granted in part to the extent it seeks to dismiss the City of Rockford as a defendant.

routine airport procedure, the baggage clerk, Isabel Garcia, asked plaintiff to open his gun case and show her what he was declaring. After examining the contents of the gun case, completing a certificate of firearm declaration, and taking possession of the gun case, Garcia notified plaintiff that he had not included a lock for his gun case. Plaintiff retrieved a lock from the car and returned approximately ten minutes later. Plaintiff gave the lock to Garcia, who in turn gave plaintiff his plane ticket. About ten minutes after plaintiff boarded the plane, TSA Agent Edgar Altamirano boarded the plane, grabbed plaintiff by the arm, and told him that he needed to leave the plane. After exiting the plane, Altamirano handcuffed plaintiff and walked him to the TSA office, where he had another airport employee call the Rockford police department and report that the TSA had a male in custody for attempting to check in with a gun even though he knew such conduct was not criminal.

Defendant Johnson was the first Rockford police officer to arrive on the scene. He met with Garcia, who explained that she had immediately suspected plaintiff because of a strong odor of marijuana and the fact that he had brought a loaded weapon into the airport. Although Garcia insisted that the magazine of the gun was loaded, Johnson checked the gun and the magazine was empty. Johnson then viewed surveillance video that discredited Garcia and Altamirano and showed plaintiff was doing nothing unlawful, but Johnson claimed that the video was unclear and that he was too busy to pick up a copy of the video. At some point, the remaining defendants arrived at RIA and attempted to substantiate the claims made by Garcia and Altamirano that plaintiff's conduct was illegal, which included defendants Bruno, Hackbarth, and Gulley making a false report that plaintiff's checked luggage and gun case presented with a strong odor of cannabis.

Although defendants noted that plaintiff possessed at least one concealed carry permit, which is available only to those without a criminal record, they nevertheless ran a LEADS background check on plaintiff to try to obtain some evidence of illegality. The check revealed that plaintiff had been arrested in Lake County, Illinois, in 2010, and had pled guilty to a misdemeanor for which he was sentenced to six months supervision. Plaintiff, however, successfully completed the supervision, which nullified the conviction, and he then had the record of arrest expunged.[2] Despite these circumstances, defendants claimed that the check revealed that plaintiff had pled guilty to a Class 2 felony. Defendant Gulley also claimed that he confirmed plaintiff's guilty plea to a Class 2 felony by contacting Lake County's Corrections Department, when in fact an officer would have to contact the Lake County State's Attorney's Office to confirm the LEADS information.

Ultimately, on November 27, 2013, plaintiff was arrested for possession of a firearm by a felon and for failure to have a valid FOID card,[3] and he was placed in custody at the Winnebago

---

[2] Plaintiff's simultaneous allegations that the background check revealed his 2010 arrest and that the record of that arrest had been expunged appear to be inconsistent. Nevertheless, the court will assume that both of these allegations are true.

[3] According to records from the 17th Judicial Circuit Court in Winnebago County, of which this court can take judicial notice, plaintiff was charged by an information filed on November 30, 2013, with (1) unlawful use of a weapon, in violation of 720 ILCS 5/24-1(a)(10); and (2) possession of a firearm without a valid FOID card, in violation of 430 ILCS 65/2(a)(1). Although the information did not charge plaintiff with possession of a firearm by a felon, it remains possible that defendants arrested plaintiff for that offense as alleged in the amended complaint.

County Jail. On November 30, 2013, plaintiff bonded out of jail, and on January 15, 2014, the prosecution dismissed the charges against plaintiff. Plaintiff's initial complaint in this case was filed on November 30, 2015.

## II. ANALYSIS

In their motion to dismiss, defendants argue that all of plaintiff's claims against them were filed outside the applicable statute of limitations, and therefore, should be dismissed as time barred. Defendants also argue, in the alternative, that plaintiff's § 1983 due process and false arrest claims should be dismissed for failure to state a claim.

### A. Statute of Limitations

"Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred." Neita v. City of Chi., 830 F.3d 494, 498 (7th Cir. 2016); see also Brooks v. City of Chi., 564 F.3d 830, 832 (7th Cir. 2009) ("The applicable statute of limitations for a § 1983 false arrest claim arising in Illinois is two years."). Generally, "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations." Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006). However, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011).

In this case, defendants argue that plaintiff's false imprisonment claims[4] accrued at the time of his arrest on November 27, 2013, such that the complaint filed on November 30, 2015, was outside the limitations period. Plaintiff, on the other hand, contends that the complaint was timely because November 27, 2015, was a court holiday and November 30, 2015, was the next date for court business. Plaintiff also argues that his false imprisonment claim did not accrue until he was held pursuant to legal process by being arraigned on the charges. After consideration of all these arguments, the court concludes that plaintiff's § 1983 claims cannot be dismissed as time-barred at this stage of the proceedings.

As an initial matter, the court notes that there appears to be some confusion among the parties about the status of the court on November 27, 2015. Plaintiff is partially correct when he notes that the court was closed that day for a "court holiday." The court was, in fact, closed on Friday, November 27, 2015, in observance of Thanksgiving Day pursuant to a November 2, 2015 order issued by the Chief Judges of both the Seventh Circuit and the Northern District of Illinois, which is available on the court's website. That being said, even if the courthouse was closed on the day

---

[4]Although plaintiff labeled his claim in Count III as one for "False Arrest," it is more properly considered a claim for false imprisonment since he was arrested without a warrant. See Wallace v. Kato, 549 U.S. 384, 388-89 (2007) (discussing the difference between the torts of false arrest and false imprisonment). Therefore, for the remainder of this order, the court will refer to plaintiff's claim under the Fourth Amendment as one for false imprisonment. Moreover, to the extent plaintiff actually intended to bring a claim under § 1983 alleging an unlawful arrest, that claim "accrues on the day of arrest," Wallace v. City of Chi., 440 F.3d 421, 427 (7th Cir. 2006) (alterations omitted), and would be time barred. Finally, the court notes that, at least for purposes of their statute-of-limitations argument, defendants contend that plaintiff's due process claim alleged in Count I is actually a claim for false arrest in violation of the Fourth Amendment. Accordingly, defendants analyze both of the § 1983 claims together and make no independent argument concerning the statute of limitations for a due process claim.

3

after Thanksgiving, that day likely would not be considered a "legal holiday," as that term is defined in Federal Rule of Civil Procedure 6(a)(6), and nothing would have prevented plaintiff from electronically filing his complaint on that date up until midnight. See Fed. R. Civ. P. 6(a)(4)(A) (providing that the "last day" for electronic filing ends "at midnight in the court's time zone"); Fed. R. Civ. P. 77(a) (providing that "[e]very district court is considered always open for filing any paper").

In any event, the court need not resolve this issue because it is not clear from the face of the amended complaint that plaintiff's claim for false imprisonment accrued on November 27, 2013. "[T]he statute of limitations on false imprisonment is subject to a distinctive rule" and begins to run "when the alleged false imprisonment ends. Wallace v. Kato, 549 U.S. 384, 389 (2007). Thus, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," id. at 397, such as when he is "bound over by a magistrate or arraigned on charges," id. at 389. In this case, the amended complaint does not specify when plaintiff was arraigned on his charges; it only specifies that plaintiff "bonded out of Jail" on November 30, 2013. Given these allegations (or lack thereof), it is not possible to conclude that plaintiff's cause of action accrued on November 27, 2013. If the arraignment was held on a later date after the date of his arrest, plaintiff's complaint would have been timely filed on November 30, 2015, given the timing provisions contained in Rule 6(a). See Fed. R. Civ. P. 6(a)(1)(C) (providing that "if the last day [of a limitations period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Because the court cannot make this determination from the face of the amended complaint, the court cannot dismiss plaintiff's § 1983 claims as time barred at this time.

In their motion to dismiss, defendants also argue that plaintiff's state-law claim for malicious prosecution raised in Count II of the amended complaint is barred by the one-year limitations period set forth in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101. Although this claim did not accrue until January 15, 2014, when the criminal proceedings were terminated in plaintiff's favor, see Ferguson v. City of Chi., 213 Ill. 2d 94, 99 (2004) (applying the Tort Immunity Act to a claim of malicious prosecution), plaintiff's claim for malicious prosecution was not raised until well after the one-year limitations period had expired. Accordingly, defendants' argument is well-taken, and plaintiff has waived any argument to the contrary by failing to respond to this issue, see Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) (applying waiver rule "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"). Therefore, the motion to dismiss is granted in part to the extent it seeks dismissal of Count II.[5]

---

[5]Defendants also argue that Count IV, which raises a state-law claim of intentional infliction of emotional distress, is barred by the one-year limitations period in the Tort Immunity Act. It is not clear from the amended complaint whether the remaining defendants in this action were named in that count. Nevertheless, to the extent plaintiff intended to bring Count IV against the Rockford police officer defendants, the court agrees that such a claim would be time barred, and plaintiff has waived any argument to the contrary by not responding to that portion of the motion to dismiss. See Alioto, 651 F.3d at 721. Accordingly, the motion to dismiss is also granted in part to the extent it seeks dismissal of Count IV.

4

### B. Failure to State a Claim

### 1. Count I – Due Process

In their motion to dismiss, defendants argue that plaintiff fails to state a claim for a due process violation based on the alleged fabrication of evidence against him for a couple of reasons. First, citing the Seventh Circuit's recent opinion in Saunders-El v. Rohde, 778 F.3d 556 (7th Cir. 2015), defendants argue that because plaintiff was released on bond following his arrest and was never convicted, he did not suffer a liberty deprivation that is protected by the Due Process clause. Alternatively, defendants contend that plaintiff's complaint merely raises allegations of malicious prosecution, which cannot be brought pursuant to § 1983 when there is an adequate state-law remedy. The court agrees with defendants and concludes that plaintiff's due process claim raised in Count I is subject to dismissal.

The Seventh Circuit has held that "a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." Whitlock v. Brueggemann, 682 F.3d 567, 580 (7th Cir. 2012). However, in Saunders-El, the Court explained that "[n]ot every act of evidence fabrication offends one's due process rights," 778 F.3d at 560, and ultimately concluded that because Saunders-El was "released on bond following his arrest and acquitted at trial," he could not "make out an evidence fabrication-based due process violation," id. at 561. See also Cairel v. Alderden, 821 F.3d 823, 831 (7th Cir. 2016) ("Plaintiffs' evidence-fabrication claims are foreclosed by our holding in Saunders-El. Plaintiffs were quickly released on bond following their arrests. Of course, they were never actually tried, but this, if anything, reduces any burden plaintiffs may have faced."). In this case, plaintiff has alleged in his amended complaint that he was released on bond on November 30, 2013, which was only a few days after his arrest. See Cairel, 821 F.3d at 829 (noting that the plaintiffs "were released from Cook County Jail after a few days in police custody when their families posted bond"). Accordingly, plaintiff's due process claim based on alleged evidence fabrication is foreclosed by the Seventh Circuit's holding in Saunders-El and is dismissed for failure to state a claim.

Moreover, even if plaintiff's claim was not precluded by Saunders-El, it would still be dismissed as an improper § 1983 claim, because "allegations that sound in malicious prosecution must be brought pursuant to state law." Saunders-El, 778 F.3d at 560; see also Fox v. Hayes, 600 F.3d 819, 841 (7th Cir. 2010) ("[A] plaintiff cannot invoke the substantive due process clause where state laws provide an adequate postdeprivation remedy for the complained-of conduct."); Brooks, 564 F.3d at 833 ("A plaintiff cannot state a due process claim by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment."); White v. City of Chi., 149 F. Supp. 3d 974, 981 (N.D. Ill. 2016) (examining the various, and sometimes conflicting, lines of precedent in this area of law and concluding that "if . . . the plaintiff was acquitted or the charges were dropped before trial, a viable state law malicious prosecution claim is the only process to which the Due Process Clause entitles him"). Therefore, the motion to dismiss is granted in part to the extent it seeks dismissal of Count I for failure to state a claim.

### 2. Count III – False Imprisonment

Defendants also argue in their motion to dismiss that plaintiff fails to state a claim for false imprisonment because the officers had probable cause to arrest plaintiff. In particular, defendants appear to rely on Garcia's statement that she observed plaintiff with a loaded gun. Because this argument is not well developed, and because a determination of probable cause cannot be made at this stage of the litigation, the court denies the motion to dismiss to the extent it seeks dismissal of Count III.

Defendants correctly assert that "[p]robable cause is an absolute bar to a § 1983 claim for false arrest." McBride v. Grice, 576 F.3d 703, 707 (7th Cir. 2009); see also Hawkins v. Mitchell, 756 F.3d 983, 994 (7th Cir. 2014) ("Probable cause is an absolute bar to a claim of false imprisonment."). They also correctly note that, at least in general, "[t]he complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest . . . ." Beauchamp v. City of Noblesville, Ind., 320 F.3d 733, 743 (7th Cir. 2003). In this case, however, defendants cannot rely on this general proposition because, according to the allegations in the complaint which the court must accept as true at this stage, defendant Johnson "checked the gun case and the magazine was empty." Am. Compl. ¶ 31. At that point, it would no longer have been reasonable for any of the officers to rely on Garcia's statement that defendant Johnson had determined to be incorrect. It may turn out to be that the officers did have probable cause to arrest plaintiff for some other reason based on his possession of a firearm at RIA, or perhaps based on a reasonable belief that plaintiff was a felon, but probable cause in this case cannot be determined from the face of the amended complaint. Accordingly, this issue will have to be resolved on the merits based on the evidence presented at either the summary judgment stage or trial.

### III. CONCLUSION

Based on the foregoing, defendants' motion to dismiss is granted in part and denied in part. Counts I, II, and IV of the amended complaint are dismissed and the City of Rockford is terminated as a defendant.

Date: 1/4/2017

ENTER:

_____
FREDERICK J. KAPALA

District Judge